**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PARDEEP SINGH,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and QUALITY AUTO CENTER OF SPRINGFIELD LLC<br><br>Defendants. | Civil Action No. 25-4828 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant Mercedes-Benz USA LLC's ("MBUSA") motion to dismiss, ECF No. 8, plaintiff Pardeep Singh's ("Plaintiff") First Amended Complaint, ECF No. 6 ("FAC"), for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion and, in the alternative, requested that the case be transferred to the U.S. District Court for the Eastern District of Texas or the U.S. District Court for the Northern District of Georgia. ECF No. 10. MBUSA replied. ECF No. 11. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, MBUSA's motion is granted, and the Court will dismiss the case for lack of personal jurisdiction and transfer the case to the Eastern District of Texas.

## I. BACKGROUND[1]

This case arises from Plaintiff's frustrations with purchasing a used car. In September 2023, Plaintiff, a resident of Texas domiciled in Denton County, purchased a used Mercedez-Benz vehicle from Quality Auto Center ("Quality"), an independent dealership in Springfield, New Jersey. FAC ¶¶ 11, 14–15; *see* ECF No. 8-3, Affidavit of James P. Kearn ("Kearn Aff.") ¶¶ 8–11.[2] MBUSA maintains fourteen authorized dealerships in New Jersey, but Quality is not one of them. Kearn Aff. ¶¶ 4–6.

Despite not purchasing the used car directly from an MBUSA authorized dealership, Plaintiff received the remaining balance of a four-year or 50,000-mile warranty from Mercedes-Benz as part of the sale. FAC ¶ 16. It covered "any repair or replacement needed during these periods or due to defects in materials or workmanship." *Id.* Unfortunately for Plaintiff, he needed to invoke the warranty. Shortly after his purchase, Plaintiff allegedly began to have issues with the vehicle's performance. *Id.* ¶ 17. Accordingly, he brought the vehicle to an authorized Mercedes-Benz dealership in Plano, Texas, which is near his home in Denton County, Texas. *Id.* ¶¶ 11, 17; ECF No. 6-6. The dealership was unable to fix the problems to Plaintiff's satisfaction. FAC. ¶¶ 11, 17–21; ECF No. 6-6; ECF No. 6-7. Soon thereafter, Plaintiff wrote to MBUSA to inform it that the vehicle was defective, that he revoked acceptance of the vehicle, and MBUSA had one final opportunity to repair it. FAC ¶ 21. Plaintiff also requested that MBUSA purchase the vehicle from him if the vehicle could not be fixed. *Id.*

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of MBUSA's motion. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 141 n.1 (3d Cir. 1992).

[2] When addressing a motion to dismiss for lack of personal jurisdiction the "court's review is not limited to the face of the pleadings, as consideration of affidavits submitted by the parties is both appropriate and required." *Novinger's, Inc. v. A.J.D. Constr. Co.*, 376 F. Supp. 3d 445, 450 (M.D. Pa. 2019).

After MBUSA declined to purchase the vehicle, *id.* ¶ 22, Plaintiff filed suit. *See* ECF No. 1. MBUSA moved to dismiss, ECF No. 5, at which point Plaintiff amended his complaint to add Quality as a defendant.[3] *See* FAC. In his First Amended Complaint, Plaintiff asserts the following claims: (1) breach of express warranty under New Jersey law (Count I); (2) breach of implied warranty under New Jersey law (Count II); (3) violations of the Magnuson-Moss Warranty Act (Count III); (4) revocation of acceptance under New Jersey law (Count IV); (5) violations of the New Jersey Consumer Fraud Act as to Quality (Count V); (6) violations of the New Jersey Motor Vehicle Warranty Act as to MBUSA (Count VI); and (7) violations of the Texas Deceptive Trade Practices Act as to MBUSA (Count VII). MBUSA then filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(2) provides for dismissal if a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). To demonstrate personal jurisdiction, the plaintiff may rely on the allegations in the complaint, affidavits, or other evidence. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "If the plaintiff makes out a prima facie case of personal jurisdiction, the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Shushan*, 954 F.2d at 150 (citations omitted). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept the plaintiff's allegations as true, and . . .

[3] Plaintiff never served Quality. Accordingly, the Court issued a Notice of Call for Dismissal for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). *See* ECF No. 12. Plaintiff still did not serve Quality and the claims against Quality were therefore dismissed. *See* ECF No. 13.

construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must consider whether the relevant state's long arm statute permits jurisdiction. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Second, a court must consider whether the assertion of personal jurisdiction comports with due process. *Id.* When the relevant state long-arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," as New Jersey's does, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990). Finally, if it determines that it lacks personal jurisdiction over a defendant, the court must consider whether venue transfer under 28 U.S.C. § 1631 is appropriate. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).

## III. DISCUSSION

MBUSA seeks dismissal on two grounds. First, it argues that the Court lacks personal jurisdiction over it. ECF No. 8-1 ("Def. Br.") at 4–11. Second, it argues that Plaintiff has failed to state a plausible claim for relief. *Id.* at 11–20. The Court will start with personal jurisdiction, since "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 204–05 (3d Cir. 2021) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)). For the reasons stated below, the Court finds that it lacks personal jurisdiction over MBUSA.[4]

---

[4] Because the Court lacks personal jurisdiction over MBUSA, the Court does not reach its motion to dismiss for failure to state a claim.

Additionally, the Court finds it appropriate to transfer the case to the Eastern District of Texas under 28 U.S.C. § 1631.

**A. <u>Personal Jurisdiction</u>**

MBUSA argues that the FAC must be dismissed because the Court lacks personal jurisdiction. *See* Def. Br. at 4–11. The Court agrees. A district court may exercise personal jurisdiction over a defendant in accordance with due process through either general or specific personal jurisdiction. *Abel v. Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008). If a court has general jurisdiction over a defendant, that jurisdiction extends to "any and all claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). That is, the claims "need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world." *Id.* When general jurisdiction is not applicable, a court may exercise specific jurisdiction. Specific jurisdiction only attaches when the Plaintiff's claims "arise out of or relate to the defendant's contacts with the forum" state. *Id.* at 359. The Court addresses both types of personal jurisdiction in turn and holds that MBUSA is subject to neither general nor specific personal jurisdiction in this case.

**1. General Jurisdiction**

General jurisdiction exists where the defendant maintains continuous and systematic contacts as to render them "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The paradigmatic examples when such "systematic contacts" exist are a corporation's "place of incorporation and principal place of business." *Ford*, 592 U.S. at 358—59. MBUSA is incorporated in Delaware, and its principal place of business is Georgia. FAC ¶ 13. The Court, therefore, lacks general jurisdiction over MBUSA.[5]

[5] The Supreme Court has recognized that there may be "exceptional case[s]" when a corporate defendant is subject to general personal jurisdiction outside of the jurisdiction or jurisdictions in which it is "at home."

### 2. Specific Jurisdiction

The Court next considers whether it has specific personal jurisdiction over MBUSA. To establish a prima facie case of specific personal jurisdiction, Plaintiff must show that (1) MBUSA "purposefully directed [its] activities at [New Jersey]," (2) Plaintiff's claims "arise out of or relate to at least one of those activities," and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotations and citations omitted).

Under the first prong of this analysis, Plaintiff must establish that Defendant had sufficient minimum contacts with New Jersey. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A finding of minimum contacts requires the defendant to have "purposefully availed itself of the privilege of conducting activities within" New Jersey and to have "invoked the benefits and protections of the forum's laws." *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (cleaned up). MBUSA undoubtedly has sufficient minimum contacts in New Jersey as it operates fourteen authorized dealerships in the state. FAC ¶ 8; Kearn Aff. ¶¶ 5–6.

To satisfy the second prong, the plaintiff must show that their claims arise out of, or relate to, the defendant's activities in the state. *O'Connor*, 496 F.3d at 317. That is, there must be "a

---

*Daimler*, 571 U.S. at 139 n.19. On this record, this is not one of those exceptional cases. Plaintiff alleges that MBUSA "is registered to do business in New Jersey, conducts substantial business in New Jersey, has had systematic and continuous contacts within New Jersey, and has agents and representatives that can be found in New Jersey." FAC ¶ 8. These allegations do not justify treating MBUSA as "at home" in New Jersey. *See, e.g.*, *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (no general jurisdiction when BNSF was neither incorporated in Montana nor had its principal place of business there even though "BNSF has over 2,000 miles of railroad track and more than 2,000 employees in Montana"); *Dudhwala v. Choice Hotels Int'l Servs. Corp.*, No. 22-873, 2022 WL 4300219, at *4 (D.N.J. Sep. 19, 2022) (no general jurisdiction even though Defendant maintained numerous hotels, employed numerous workers, and maintained a Trenton home office). Similarly, MBUSA's registration to do business in New Jersey does not subject it to general jurisdiction here, as "New Jersey's business registration statutes 'do not explicitly provide that registration constitutes consent to general personal jurisdiction.'" *Coulter v. Nat'l Tenant Network*, No. 24-6798, 2026 WL 836465, at *5 (D.N.J. Mar. 26, 2026) (quoting and citing *Simplot India LLC v. Himalaya Food Int'l Ltd.*, No. 23-1612, 2024 WL 1136791, at *10 (D.N.J. Mar. 15, 2024)).

strong relationship among the defendant, the forum, and the litigation." *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021) (internal quotations and citation omitted). Plaintiff has failed to make this showing.

Plaintiff states that "the acquisition of the vehicle and its warranty is what gives rise to this case." ECF No. 10 ("Opp'n Br.") at 8. Plaintiff is incorrect that this "conduct is reasonably related to [MBUSA's] contacts with New Jersey." *Id.* As for the acquisition of the vehicle, Plaintiff purchased the car from Quality, which is not an authorized seller of Mercedes-Benz vehicles. *See* FAC ¶¶ 14–15; Kearn Aff. ¶¶ 4–11. Moreover, Plaintiff does not allege that MBUSA's New Jersey activities such as its advertising, promoting, financing, or other means induced him to buy the vehicle from Quality. Therefore, Plaintiff's purchase did not arise out of, or relate to, MBUSA's activities in the state.

Similarly, MBUSA's alleged violation of the warranty does not arise out of, or relate to, its New Jersey contacts. Plaintiff purchased the vehicle from Quality, an independent used-car dealership in New Jersey. FAC ¶ 14–15; Kearn Aff. ¶¶ 4–11. As part of that sale, he received the remainder of a four-year or 50,000-mile warranty. FAC ¶ 16. When Plaintiff experienced issues with the car's performance, he brought it to an authorized MBUSA dealership in Texas. *Id.* ¶ 17. That dealership was unable to repair the vehicle to Plaintiff's liking. *Id.* ¶ 17–21. Plaintiff contends, therefore, the Court has specific jurisdiction over MBUSA because he and MBUSA entered a contract in New Jersey. *See* Opp'n Br. at 9 ("Under New Jersey law, there is no question that the acquisition of an express warranty creates a contract.").

However, assuming that a contract was formed, MBUSA is not automatically subject to personal jurisdiction in New Jersey for Plaintiff's breach of warranty claims. "In determining jurisdiction over a breach of contract claim, we must consider the totality of the circumstances,

including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001).

The circumstances of this deal do not lend themselves to finding personal jurisdiction for several reasons. First, Plaintiff did not purchase the vehicle from MBUSA. Second, there was no negotiation between Plaintiff and MBUSA and the warranty transferred automatically as part of the sale. *See* Def. Br. 9–10. Third, there are no allegations that Plaintiff and MBUSA communicated prior to the sale. Fourth, the terms of the warranty did not restrict Plaintiff's options for repairs to New Jersey. Indeed, it was an authorized dealership in Plano, Texas that was allegedly unable to repair Plaintiff's car and conform it to the warranty. *See* FAC ¶¶ 17–21; ECF Nos. 6-6, 6-7; Def. Br. at 10–11. This also shows that the only course of dealing between Plaintiff and MBUSA occurred in Texas. Thus, it cannot be said that the parties' alleged contract arose out of or relates to MBUSA's operations in New Jersey. In other words, there is not "a strong relationship among the defendant, the forum, and the litigation." *Hepp*, 14 F.4th at 208. The Court, therefore, lacks specific jurisdiction over Mercedes-Benz.[6]

**B. Venue Transfer**

Given the lack of personal jurisdiction over MBUSA, the Court must now "determine whether the matter should be transferred" under 28 U.S.C. § 1631. *Johnson v. Gorham*, No. 19-16769, 2021 WL 2566397, at *2 (D.N.J. June 23, 2021). Plaintiff requests this matter be transferred to the Eastern District of Texas and the Court will do so. Opp'n Br. at 1 n.1, 9–10. In determining whether to transfer, this Court must consider (1) whether the action "could have been brought" in the transferee district, and (2) if transfer is in the "interest of justice." 28 U.S.C. §

[6] Because the Court determines that it lacks specific jurisdiction at step two of the inquiry it does not examine the third step; whether "the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

1631; *see also Shepler v. Big Sky Resort*, 2020 WL 6786028, at *3 (D.N.J. Nov. 2, 2020) (quoting *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009)).

To satisfy the first prong—whether the action "could have been brought" in the transferee court—the transferee court must have (1) personal jurisdiction, (2) subject matter jurisdiction, and (3) venue must be proper. *Shepler*, 2020 WL 6786028, at *3. All three elements are satisfied in the Eastern District of Texas. First, MBUSA is subject to specific personal jurisdiction in Texas. As discussed above, for a court to have specific jurisdiction over a defendant, the defendant must have minimum contacts with the forum state, and the cause of action must arise out of those contacts. *O'Connor*, 496 F.3d at 317. Here, MBUSA operates authorized dealerships in Texas, Plaintiff went to one of those dealerships to have his vehicle repaired, and that dealership allegedly violated the warranty when it was unable to repair Plaintiff's vehicle. *Id.* ¶¶ 17–18; ECF Nos. 6-6, 6-7. As such, MBUSA has minimum contacts with Texas and Plaintiff's claims arise out of those contacts. Indeed, MBUSA concedes it is subject to personal jurisdiction in Texas. *See* ECF No. 11 at 6 ("Applying [Supreme Court precedent] personal jurisdiction would attach in Texas.").

Second, the Eastern District of Texas would have subject matter jurisdiction. Plaintiff is a citizen of Texas, MBUSA is a citizen of Delaware and Georgia, and Plaintiff alleges damages worth $130,752.88. FAC ¶¶ 5, 11– 13. As such, there is diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1), (c)(1). There is similarly federal question jurisdiction as Plaintiff alleges that MBUSA violated the federal Magnuson-Moss Warranty Act. FAC ¶¶ 37–47; *see Rodriquez v. United States*, No. 24-1301, 2024 WL 4536954, at *2 (M.D. Pa. Oct. 21, 2024) ("As plaintiff brings this lawsuit based upon federal statutes, the court has federal question jurisdiction.").

Third, venue is appropriate in the Eastern District of Texas. "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in

which the district is located." 28 U.S.C. § 1391(b)(1). When, like here, the defendant is an entity, the defendant is a resident in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* (c)(2). As discussed above, MBUSA is subject to personal jurisdiction in the Eastern District of Texas, as such, it resides in that district. The Eastern District of Texas, therefore, is an appropriate venue because MBUSA resides in "the State in which the district is located." *Id.* (b)(1).

Having determined that the initial suit "could have been brought" in the Eastern District of Texas, the Court must next determine whether transferring the case there is in the "interest of justice." 28 U.S.C. § 1631. This determination is discretionary. *Smith v. Bishop*, Civ. No. 20-12526, 2023 WL 128786, at *3 (D.N.J. Jan. 9, 2023). When, as here, jurisdiction is available in another court, transfer will normally "be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Ontel Prods. Corp. v. Top Source Media L.L.C.*, No. 22-4141, 2024 WL 3898022, at *3 (D.N.J. Aug. 22, 2024). Moreover, a substantial part of the events that give rise to Plaintiff's claims occurred in Texas. Namely, MBUSA's alleged failure to repair Plaintiff's vehicle and MBUSA's alleged breach of warranty. FAC ¶ 17; ECF No. 6-6. As such, witnesses and evidence are in Texas. Accordingly, the Court finds that it would be in the interest of justice to transfer the case to the Eastern District of Texas.[7]

---

[7] Plaintiff alternatively requests that the Court transfer the case to the Northern District of Georgia. Opp'n Br. at 1 n.1. However, a court, "need not investigate on its own all other courts that 'might' or 'could have' heard the case" and courts have "broad discretion not to transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). Accordingly, the Court does not reach the issue of whether this action could have been brought in the Northen District of Georgia.

## IV. CONCLUSION

For the reasons set forth above, the Court lacks personal jurisdiction over MBUSA and will transfer the case to the Eastern District of Texas.

**Accordingly, IT IS** on this 21st day of August 2026

**ORDERED** that, Defendant's motion to dismiss, ECF No. 8, is **GRANTED**; and it is further

**ORDERED** that the clerk shall transfer this case to the U.S. District Court for the Eastern District of Texas.

**SO ORDERED**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**